IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

John Laponte

       Plaintiff,                No. CIV S-05-0996 GEB CMK P

    vs.

Tom L. Carey, et al.,

       Defendants     <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed July 6, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

       As noted in the order dismissing plaintiff's original complaint, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's amended complaint consists of a short statement that he is being "fined and ordered to pay the filing fee from future wages....in reperration[sic] for filing [his complaint.]"[1] (Pl.'s Am. Compl. at 1.) Plaintiff states that he has been denied medical attention, but that he does not know who the defendants in this case are and suggests that the undersigned decide the identity of defendants. (Id.) These allegations are so vague and conclusory that they fail to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a

///

---

[1] The undersigned notes that plaintiff is not being fined. Statutory law mandates that all prisoners, regardless of in forma pauperis status, are required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1).

1  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

2  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

3        Plaintiff must allege with at least some degree of particularity overt acts which

4  defendants engaged in that support plaintiff's claim.  Id.   For instance, plaintiff must provide a

5  short statement of the constitutional violation and allege which employees in the department of

6  corrections are responsible for such deprivations.  In other words, the complaint should tell the

7  court the story of the wrong allegedly perpetrated against plaintiff, albeit in a succinct statement.

8  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

9  amended complaint must be dismissed.  Because it appears that plaintiff did not understand the

10  court's July 6, 2005 order, the undersigned grants plaintiff leave to file a second amended

11  complaint.

12        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

13  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

14  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

15  must allege in specific terms how each named defendant is involved.  There can be no liability

16  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

17  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

18  633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19  Furthermore, vague and conclusory allegations of official participation in civil rights violations

20  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

22  order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

23  an amended complaint be complete in itself without reference to any prior pleading.  This is

24  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

25  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

26  original pleading no longer serves any function in the case.  Therefore, in a second amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:   July 22, 2005

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

4