IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LAPONTE,

        Plaintiff,                       No. CIV S-05-0996 GEB CMK P

    vs.

TOM L. CAREY, et al.,

        Defendants.            ORDER

                            /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed July 26, 2005, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

        At the onset, the court addresses plaintiff's statement in his second amended complaint that "the judge in question has fined or placed a restitution order to make plaintiff pay for the filing fee." (Second Am. Compl. at 3, ¶ 7, 12.) The court is required by statute to pay the $250 civil case filing fee. See 28 U.S.C. §§ 1914(a), 1915(b)(1). The court has not assessed plaintiff any fine or restitution.

///

///

1

1  The court is required to screen complaints brought by prisoners seeking relief
2  against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.
3  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
5  be granted, or that seek monetary relief from a defendant who is immune from such relief. See
6  28 U.S.C. § 1915A(b)(1),(2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in
8  fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
9  1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based
10 on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
11 See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
12 inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
13 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

14 A complaint, or portion thereof, should only be dismissed for failure to state a
15 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
16 of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &
17 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
18 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
19 complaint under this standard, the court must accept as true the allegations of the complaint in
20 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
21 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
22 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
23 ///
24 ///
25 ///
26 ///

## I.	Plaintiff's Claims

Plaintiff alleges that the dental department at California State Prison Solano (CSP-Solano) denied him dental care in a timely fashion, which has caused him pain and to have to have two teeth pulled. Plaintiff complained of a toothache on July 12, 2005 and received an emergency ducet. Upon seeing the dentist, plaintiff was told that the only care available was to pull plaintiff's tooth. Plaintiff refused this treatment. Plaintiff was given a second ducet on July 15, 2005, and because he could not deal with the ongoing pain, had two teeth pulled.

Plaintiff states that his original problem has not been remedied—his front tooth is still tied to his neighboring tooth to prevent it from falling out. He states that the prison has no corrective care or care policy for inmates. Plaintiff states that he has been suffering serious pain due to lack of dental care since 2002.

In his complaint, plaintiff states that he seeks damages from Roderick Hickman, the Director of Corrections, Tom. L. Carey, the Warden at CSP-Solano, A. Traquina, the Chief Medical Officer and Ms. Mcyntire, the Chief Dental Officer. Plaintiff states that defendants Carey, Traquina and Mcyntire were well aware of the lack of dental care offered at CSP-Solano. However, plaintiff does not, in any other way, link defendants actions to his alleged deprivation.

## II.	Discussion

While delay of, or interference with, medical treatment may state a cognizable Eighth Amendment violation, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir.

1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). The court cannot determine from the complaint what role, if any, any of the named defendants–Roderick Hickman, the Director of Corrections, Tom. L. Carey, the Warden at CSP-Solano, A. Traquina, the Chief Medical Officer and Ms. Mcyntire, the Chief Dental Officer, played in the alleged deprivation of plaintiff's rights.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a third amended complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). In other words, plaintiff's statements the named defendants were well aware of the alleged deprivation of dental care to inmates are not enough to state a cognizable civil rights claim. Plaintiff must allege in specific terms how each defendant is personally involved in the deprivation of his rights.

///

1         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
2 order to make plaintiff's third amended complaint complete.  Local Rule 15-220 requires that an
3 amended complaint be complete in itself without reference to any prior pleading.  This is
4 because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
5 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the
6 original pleading no longer serves any function in the case.  Therefore, in a third amended
7 complaint, as in an original complaint, each claim and the involvement of each defendant must
8 be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  Plaintiff's second amended complaint is dismissed; and

        2.  Plaintiff is granted thirty days from the date of service of this order to file a
third amended complaint that complies with the requirements of the Civil Rights Act, the Federal
Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must
bear the docket number assigned this case and must be labeled "Third Amended Complaint";
plaintiff must file an original and two copies of the third amended complaint; failure to file a
third amended complaint in accordance with this order will result in a recommendation that this
action be dismissed.

DATED:  April 25, 2006.

                                             _____
                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE