1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN LAPONTE,

11              Plaintiff,                    No. CIV S-05-0996 GEB CMK P

12        vs.

13   THOMAS L. CAREY, et al.,

14              Defendants.

15   _____/          ORDER

16              Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed July 26, 2006, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

19   complaint.

20              In his third amended complaint, plaintiff asserts that he is being denied dental

21   care.  He asserts that the denial of dental care has caused him to lose several teeth; caused him

22   severe pain; and has forced him to tie his front tooth to a "neighboring tooth" in order to keep it

23   from falling out.  He names four defendants: Thomas L. Carey, the Warden;  Alvara Traquina,

24   the Chief Medical Officer; R. Mcyntire, the Chief Dentist; and J. Deffenbaugh, the Dentist. The

25   ///

26   ///

1

1    third amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and

2    28 U.S.C. § 1915A(b).  If the allegations of the amended complaint are proven, plaintiff has a

3    reasonable opportunity to prevail on the merits of this action.

4              Plaintiff alleges that defendant Carey is liable by virtue of his position as the

5    Warden of the prison.  Supervisory personnel are generally not liable under 42 U.S.C. § 1983 for

6    the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(citation

7    omitted).  A supervisor is only liable for the constitutional violations of subordinates if the

8    supervisor participated in or directed the violations, or knew or the violations and failed to act to

9    prevent them.  See id.  When a defendant holds a supervisory position, the causal link between

10   him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley,

11   607 F.2d 858, 862 (9th Cir. 1979).  Vague and conclusory allegations concerning the

12   involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v.

13   Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).   Accordingly, service is not appropriate for

14   Defendant Carey.

15             Plaintiff alleges that defendant J. Deffenbaugh denied him adequate dental care.

16   He alleges that defendant Traquina and defendant R. Mcyntire were aware of this denial and did

17   nothing to remedy it.  Accordingly, the court finds that service is appropriate for defendants

18   Deffenbaugh, Traquina, and Mcyntire.

19              The court will direct service on defendants Deffenbaugh, Traquina, and Mcyntire

20   by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this

21   action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that

22   failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

23             In accordance with the above, IT IS HEREBY ORDERED that:

24             1.  Service is appropriate for the following defendants:  Deffenbaugh, Traquina,

25   and Mcyntire

26             2.  The Clerk of the Court shall send plaintiff three USM-285 forms, one

2

1   summons, an instruction sheet and a copy of the amended complaint filed June 6, 2006.

2           3.   Within thirty days from the date of this order, plaintiff shall complete the

3   attached Notice of Submission of Documents and submit the following documents to the court:

4               a.  The completed Notice of Submission of Documents;

5               b.  One completed summons;

6               c.  One completed USM-285 form for each defendant listed in number 1

7               above; and

8               d. four copies of the endorsed amended complaint filed June 6, 2006.

9           4.   Plaintiff need not attempt service on defendants and need not request waiver of

10  service.  Upon receipt of the above-described documents, the court will direct the United States

11  Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4

12  without payment of costs.

13

14  DATED:   October 31, 2006.

15

16                                   _____
                                     **CRAIG M. KELLISON**

17                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

                                          3

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11              Plaintiff,                          No. CIV

12        vs.

13                                                  NOTICE OF SUBMISSION

14              Defendants.                         OF DOCUMENTS

15    _____/

16              Plaintiff hereby submits the following documents in compliance with the court's

17    order filed _____:

18              _____          completed summons form

19              _____          completed USM-285 forms

20              _____          copies of the _____
                                          Amended Complaint

21    DATED:

22

23                                            _____

24                                            Plaintiff

25

26