IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAPONTE, | No. CIV S-05-0996-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TOM L. CAREY, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment (Doc. 29) filed July 27, 2007. Plaintiff filed an opposition (Doc. 30) and defendants filed a reply (Doc. 31).

    Plaintiff's third amended complaint alleges that he was denied dental care while housed at California State Prison - Solano (CSP-Solano) in violation of the Eighth Amendment. He claims the denial of dental care caused him to lose several teeth; caused him severe pain; and forced him to tie his front tooth to a "neighboring tooth" in order to keep it from falling out. This court found that service was appropriate for defendants Traquina, McIntyre, and Deffenbaugh.

///

Defendants now move for summary judgment on the basis that plaintiff was offered dental care but plaintiff refused to consent to an examination or treatment.

**BACKGROUND**

In this case, plaintiff alleges he requested dental care for a toothache on October 14, 2002. When he had not received any dental care by February 11, 2004, he submitted an inmate grievance form 602. This grievance was not logged, and he submitted a second 602 on March 9, 2004, Log number 04-00780. In this grievance, plaintiff complains that he never received dental treatment after filling out a medical slip 15 months prior, and requested that he be sent to the "Medical Dental Department at Vacaville" for the proper dental care he requested. In response, on March 17, 2004, plaintiff was interviewed by defendant Deffenbaugh, DDS. (See Third Amended Complaint (TAC), at 4.) Defendant Deffenbaugh then offered to examine plaintiff. (TAC at 4.) However, plaintiff refused to allow Dr. Deffenbaugh to examine him, claiming Dr. Deffenbaugh scared him by displaying anger. (TAC at 4.) At the first level appeal to plaintiff's 602, defendant McIntyre reviewed and denied plaintiff's grievance. (TAC, Ex. D.) Defendant McIntyre found that the dental care plaintiff requested was available to plaintiff at CSP-Solano, that plaintiff "refused to proceed with the dental care as proposed/recommended by Dr. Deffenbaugh" and that dental work could not proceed without plaintiff's consent. (TAC, Ex. D.) Plaintiff then appealed this decision to the second level, stating on his 602 form: "Out of direct fear I will not sit in any dentist chair at CSP Solano. It took them over 14 months to ducat me they only did so when I filed a 602 against the dental staff." (TAC, Ex. C.) Defendant Traquina, as the chief medical officer, reviewed this grievance appeal and denied relief again based on plaintiff's refusal of treatment, failure to consent, and that plaintiff "received adequate treatment as per your request." (TAC, Ex. E.) Plaintiff then appealed this grievance to the Director's level (TAC, Ex. F). His Director's level appeal was denied, finding plaintiff

> has been afforded the opportunity to receive dental treatment and he has elected to refuse the offered treatment. If [plaintiff] changes his mind, he may submit another request for dental treatment.

2

> Dental treatment will not be forced over the objections of [plaintiff]. [Plaintiff] has the right to refuse treatment, however he does not get to select the dentist who will provide services nor is it appropriate for [plaintiff] to self-diagnose his treatment needs. [Plaintiff's] consent is needed to proceed with the dental procedure. [Plaintiff] has been noticed of the institution's method to request and receive dental treatment. The documentation presented is persuasive that [plaintiff] has been afforded the opportunity to receive dental treatment; however, he has elected to forgo such treatment. No relief shall be afforded to [plaintiff] at the Director's Level of Review. (TAC, Ex. F)

**DISCUSSION**

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See

1  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
2  establish the existence of this factual dispute, the opposing party may not rely upon the
3  allegations or denials of its pleadings but is required to tender evidence of specific facts in the
4  form of affidavits, and/or admissible discovery material, in support of its contention that the
5  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party
6  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
7  of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);
8  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and
9  that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict
10 for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).
11         In the endeavor to establish the existence of a factual dispute, the opposing party
12 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
13 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
14 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
15 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
16 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
17 committee's note on 1963 amendments).
18         In resolving the summary judgment motion, the court examines the pleadings,
19 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
20 any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See
21 Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed
22 before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
23 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
24 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
25 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
26 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

The treatment a prisoner receives in prison and the conditions under which the prisoner are confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with

medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Defendants bring this motion for summary judgment on the grounds that (1) the defendants did not have actual knowledge of a substantial risk of serious harm, (2) the defendants did not act with deliberate or reckless disregard of that risk, (3) plaintiff cannot show that defendants' actions caused him any harm, and (4) the defendants did not cause any purported delay.  In response, plaintiff filed an opposition which included his short declaration and two newspaper articles relating to the death of another inmate.  The articles relating to the death of the other inmate are irrelevant to plaintiff's claims and are not admissible evidence in support of plaintiff's claims.  Plaintiff fails to provide any admissible evidence, beyond his own declaration, in support of his claims.

Plaintiff complains that he was denied dental care.  However, as demonstrated by defendants and reinforced by the exhibits plaintiff attached to his complaint, plaintiff was offered a dental examination and treatment which he refused.  In addition to refusing treatment from defendant Deffenbaugh, claiming defendant Deffenbaugh scared him, plaintiff actually stated to the defendants that he would refuse treatment from any of the dentists at CSP Solano.  See TAC, Ex. C (wherein plaintiff stated "I will not sit in any dentist chair at CSP Solano.")  Plaintiff cannot refuse treatment and then claim that the defendants were deliberately indifferent to a serious medical condition.

/ / /

1         Plaintiff also claims that there was a delay in receiving dental care.  However, he fails to show that any delay led to further injury.  Based on his refusal to receive care from the dentists at CSP Solano, he cannot now claim a delay in receiving care led to further injury.  He fails to provide any medical evidence to support any claim that defendant's delay in providing him care and/or failure to provide dental care resulted in additional injury.  Plaintiff has not provided any medical opinion or other admissible evidence to support his claim that defendants actions, or inactions, resulted in injury or further health problem.  All plaintiff has provided the court are his own self-serving, conclusory statements that due to the defendant's actions, or inactions, he has lost a number of teeth.  Even though he indicates that he has been seen for dental examinations at California Men's Colony, he has not provided the court with a medical opinion from his treating dentist or even a copy of his medical/dental records which would indicate that a delay in receiving dental treatment caused additional damage to his teeth.

        Defendants have produced evidence to indicate that the dental treatment plaintiff states he was in need of (tooth extraction and dentures) were available from the dentists at CSP Solano.  Defendants offered plaintiff dental care, which plaintiff refused.  This refusal is documented in plaintiff's own complaint.  Plaintiff has not provided the court with any basis to deny the motion for summary judgment.  Plaintiff has failed to establish that a genuine issue as to any material fact actually does exist.  Therefore, the undersigned recommends that the motion for summary judgment be granted.

**RECUSAL**

        In plaintiff's attachment to his third amended complaint, he requested the recusal of the undersigned from this case. Plaintiff's request is governed by 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of

1 | any adverse party, such judge shall proceed no further therein, but another
2 | judge shall be assigned to hear such proceeding.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting § 144.  See U.S. v. Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency.  See Berger, 255 U.S. at 233.  To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.  Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

　　　　　Plaintiff claims the undersigned is biased for requiring plaintiff to file a complaint that meets the requirements for stating a federal claim against his named defendants.  This is not a sufficient showing of bias to necessitate the recusal of the undersigned.  Plaintiff has failed to articulate facts which, if true, support his allegation of bias or prejudice.  Plaintiff indicates he believes the undersigned has "deliberately, knowingly and intelligently thwarted every attempt by plaintiff to exercise his first amendment rights to file for grievance." (Attachment, at 4.)  However, as has been explained to plaintiff in previous orders issued by the undersigned, the court has an obligation to screen complaints by prisoners and **must** dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915A(b)(1), (2). Plaintiff's previous complaints failed to state a claim upon which relief could be granted and failed to contain "a short and plain statement of the claim showing [he] is entitled to relief" as required by Federal Rules of Civil Procedure 8(a)(2).  As stated above, adverse rulings alone are not sufficient to require recusal, and plaintiff has failed to state any facts showing the undersigned is biased.

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion for summary judgment be granted;
2. Plaintiff's request for recusal be denied; and
3. Judgment be entered and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 11, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE